```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JUAREZ E. BARRETO,

                Plaintiff,
                                          MEMORANDUM & ORDER
        -against-                         09-CV-4059(JS)(AKT)

MELISSA EGGERS, ADA; SUFFOLK
COUNTY DISTRICT ATTORNEYS OFFICE;
SUFFOLK COUNTY,
                Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:    Juarez F. Barreto, Pro Se
                  475285
                  Suffolk County Correctional Facility
                  110 Center Drive
                  Riverhead, NY 11901

For Defendants:   No Appearance
```

SEYBERT, District Judge:

    Juarez F. Barreto ("Plaintiff"), a frequent filer in this Court, proceeding pro se, commenced this action against Melissa Eggers, Assistant District Attorney; the County of Suffolk; and the Suffolk County District Attorney's Office ("Defendants").[1] Plaintiff alleges that Defendants violated his constitutional rights by presenting prejudicial evidence at a grand jury proceeding and referring to him as a foreigner during a habeas proceeding. Accompanying Plaintiff's Complaint is a request to

---

[1] Plaintiff's pro se civil cases in this Court alone include: Barreto v. Massa, et al., 05-CV-4857 (E.D.N.Y. filed 10/12/05); Barreto v. Calahan, et al., 05-CV-5023 (E.D.N.Y. filed 10/27/05); Barreto v. Harvey, et al., 05-CV-5365 (E.D.N.Y. filed 11/15/05); Barreto v. Dennis Dillon, et al., 05-CV-5401 (E.D.N.Y. filed 11/16/05); Barreto v. Plotkin, et al., 05-CV-5675 (E.D.N.Y. filed 12/05/05); Barreto v. Rouff, et al., 09-CV-3515 (E.D.N.Y. filed 08/11/09).

proceed in forma pauperis. Upon review of Plaintiff's application, the Court grants Plaintiff in forma pauperis status. See 28 U.S.C. § 1915(a). However, for the reasons discussed below, Plaintiff's Complaint is dismissed.

BACKGROUND

As best as the Court can discern from Plaintiff's handwritten Complaint, Plaintiff alleges that on February 10, 2009, he testified before a grand jury in the District Attorney's Office in Suffolk County. (Compl. ¶ 3.) Plaintiff alleges that, during the questioning by Assistant District Attorney Eggers, "illegal" evidence was introduced to the grand jury. Specifically, Plaintiff alleges that two checks, bearing evidence that he was incarcerated, were introduced to the grand jury thereby prejudicing Plaintiff. Plaintiff further alleges that in May 2009, during a habeas corpus proceeding, members of the Suffolk County District Attorneys Office stated that the Plaintiff should not be granted bail reduction because of his prior record and because he was a "foreign alien." (Compl. ¶ 7.) Based on these allegations, Plaintiff seeks, among other things, criminal sanctions against Assistant District Attorney Eggers and one million dollars.

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that

the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Since Plaintiff is incarcerated and seeks relief against government officials, 28 U.S.C. § 1915A also requires that the Court dismiss the Complaint sua sponte if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts are obliged to construe the pleadings of a pro se Plaintiff liberally, particularly allegations of civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99,

112 (2d Cir. 2000). Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See FED. R. CIV. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

    A.   <u>Section 1983</u>

Plaintiff does not specify the nature of his lawsuit other than alleging that Defendants violated Plaintiff's Constitutional Rights under the Fifth and Fourteenth Amendments. (Compl. ¶ 1.) Accordingly, the Court liberally construes Plaintiff's claim as one pursuant to 42 U.S.C. § 1983. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); Giordano v. City of New York, 274 F.3d 740, 750 (2d Cir. 2001). Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In this case, Plaintiff's claims fail because, inter alia, he does not state viable claims against the various defendants.

### 1. Claims Against the Suffolk County District Attorney's Office

Plaintiff names the Suffolk County District Attorney's Office as a Defendant. Because the District Attorney's Office is not an entity capable of being sued, the Court DISMISSES with prejudice the Complaint against the District Attorney's Office. Conte v. Nassau, No. 06-CV-4746, 2008 WL 905879, at *1 n.2 (E.D.N.Y. Mar. 31, 2008) (dismissing a Section 1983 claim against the Nassau District Attorneys Office; "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"). Plaintiff's allegations against the District Attorney's Office are more properly brought as claims against Suffolk County.

### 2. Claims Against Suffolk County

As noted above, when bringing a Section 1983 claim against a municipality, a plaintiff must plead an official policy or custom that caused the plaintiff's constitutional rights to be violated. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also Pembaur v. Cincinnati, 475 U.S. 469, 478-79, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (noting that a municipality "cannot properly be held liable . . . unless the 'injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official

6

policy'"), cert. denied, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Because the present Complaint cannot reasonably be interpreted to have included allegations concerning an underlying municipal policy or custom which deprived the Plaintiff of a constitutional right, Plaintiff has failed to state a claim against Suffolk County. Accordingly, the Complaint is DISMISSED as to this Defendant.

    3.    Claims Against Assistant District Attorney Eggers

It is well-established that prosecutors are immune from civil suits for acts that occur within the scope of the prosecutor's official duties, and that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'") (citations omitted); Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir. 1986) (discussing prosecutorial immunity for all activities "that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury").

Here, Plaintiff's claims relate to Eggers' activities as they relate to a grand jury proceeding, an event "closely associated with the conduct of litigation or potential litigation." Barrett, 798 F.2d at 571-72. Accordingly, Assistant District Attorney Eggers is immune from civil suit with respect to her official actions as a prosecutor, and the Complaint is DISMISSED as to this Defendant with prejudice.

III. <u>Warning of Injunction Against New Actions Filed by the Plaintiffs</u>

When "a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted).

Here, Plaintiff has filed six pro se complaints in the United States District Court for the Eastern District of New York alone, in addition to this one, including five lawsuits within sixty days. See supra note 1. The Court is especially cognizant of Plaintiff's pro se status, and it has considered the submissions in as positive a light as possible. The Court warns Plaintiff that the filing of repeated, baseless, complaints will not be tolerated. Plaintiff is warned that the Court may direct the Clerk of Court to return to Plaintiff, without filing, any such action or submissions that are received without a clear application seeking leave to file, and the Court may invite applications to dismiss the cases

8

with prejudice. See generally More v. Monex, Inc., No. 04-CV-3214, 2008 WL 199460 (E.D.N.Y. Jan. 22, 2008). Additionally, the Court draws Plaintiff's attention to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

IV.     Leave to Amend

When addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. See Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, "'[f]utility' is a valid reason for denying a motion to amend . . . where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations omitted).

Even with the Court's most liberal reading of the Complaint, it finds that the Complaint is completely devoid of any viable cause of action against the Suffolk County District Attorney's Office and Assistant District Attorney Eggers; any

9

amendment, therefore, would be futile.  Accordingly, the Court declines leave to amend against these Defendants, and the Clerk of Court is ordered to terminate these parties.

The Court grants Plaintiff until November 27, 2009 to amend his claims against Suffolk County in accordance with this Order.  Failure to amend will result in dismissal of the Complaint as against this Defendant with prejudice and closure of this case. If Plaintiff is seeking to file a habeas petition, he should clearly indicate his intention to do so.

Plaintiff is directed that his Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Should Plaintiff file an Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each Defendant, and the relief he is seeking with respect

thereto. The allegations must be short, plain, and concise. In addition, Plaintiff is directed to name as proper Defendants those individuals who have some personal involvement in the actions he alleges in the Amended Complaint. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED, that Plaintiff's request to proceed in forma pauperis is GRANTED; and it is further

ORDERED, that the Superintendent of the facility in which Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the agency holding Plaintiff in custody shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate

11

courts sequentially if there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account; and it is further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to the superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that the Clerk of the Court must forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendant Suffolk County, without prepayment of fees; and it is further

ORDERED, that the claims against the Suffolk County District Attorney's Office and Assistant District Attorney Eggers, are DISMISSED with prejudice; and it is further

ORDERED, that the claims against Suffolk County, are DISMISSED without prejudice and with leave to amend by November 27, 2009.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October  17 , 2009
         Central Islip, New York