```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JUAREZ E. BARRETO,

                Plaintiff,              MEMORANDUM & ORDER
                                        09-CV-4059(JS)(AKT
        -against-

MELISSA EGGERS, ADA; SUFFOLK
COUNTY DISTRICT ATTORNEYS OFFICE;
SUFFOLK COUNTY,
                Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:      Juarez F. Barreto, Pro Se
                    09A5863
                    Downstate Correctional Facility
                    Box F
                    Red Schoolhouse Road
                    Fishkill, NY 12524-0445

For Defendants:     No Appearance
```

SEYBERT, District Judge:

By way of Order dated October 17, 2009 ("October 19 Order"), this Court dismissed with prejudice Plaintiff's claims against the Suffolk County District Attorney's Office and Assistant District Attorney Eggers. The Court further dismissed without prejudice Plaintiff's claims against Suffolk County, granting him leave to amend by November 27, 2009. On January 7, 2010, Plaintiff filed his Amended Complaint.

Based on the Court's review of the Amended Complaint, Plaintiff fails to meet the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, in its prior Order, the Court stated that,

> when bringing a Section 1983 action against a
> municipality, a plaintiff is required to plead

> three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In this case, Plaintiff's claims fail because, inter alia, he does not state viable claims against the various defendants.

(Oct. 19 Order 5.) In response to this language, Plaintiff inserted several statements in his Amended Complaint in an attempt to demonstrate that Defendant Suffolk County imposes an official policy that was responsible for depriving him of his Constitutional rights. In the alternative, Plaintiff asserts that there is a custom that was responsible for the deprivation of his rights. Despite these newly added claims, however, Plaintiff's case still reveals itself to be completely frivolous, as he has failed to demonstrate that he has been deprived of any constitutional right. Accordingly, Plaintiff's Amended Complaint is DISMISSED with prejudice. The Clerk of the Court is directed to mark this matter CLOSED.

Furthermore, as it did in the October 19 Order, the Court draws Plaintiff's attention to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

> or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Courts within this District have now dismissed at least three of Plaintiff's prior actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See <u>Barreto v. Plotkin, et al.</u>, 05-CV-5675 (Order dismissing the case pursuant to Rule 12(b)(6) dated Dec. 19, 2005) and <u>Barreto v. Dennis Dillon, et al.</u>, 05-CV-5401 (Order dismissing the case pursuant to Rule 12(b)(6) dated Dec. 12, 2005). Therefore, Plaintiff may no longer bring a civil action or appeal a judgment in a civil action or proceeding unless he is under imminent danger of serious physical injury. All future attempts by Plaintiff to commence civil actions within this district that do not comply with the provisions of § 1915(g) will be rejected without consideration or docketing.

                                              SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated:     January <u>20</u>, 2010
            Central Islip, New York